# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:06CV-P165-R

**ANTHONY L. SMITH**                                                                              **PETITIONER**

**v.**

**THOMAS SIMPSON, WARDEN** *et al.*                              **RESPONDENTS**

## MEMORANDUM OPINION

The petitioner, Anthony L. Smith, an inmate currently confined at the Kentucky State Penitentiary in Eddyville, Kentucky, filed this civil action pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief. This matter is before the Court for preliminary review and on the petitioner's motion for temporary injunction. As explained more fully below, the petitioner alleges that both Kentucky and Indiana state authorities violated his rights under the Interstate Agreement on Detainers Act ("IAD").[1] The petitioner claims that he is currently being held in Kentucky under the "threat of being illegally prosecuted in Jefferson Circuit Court . . . on charges that should be dismissed with prejudice" because he was transferred between Indiana and Kentucky in violation of the IAD. He also seeks an order that a prior Indiana conviction also violated the IAD and that he should not be "forced to return to the State of Indiana in the future there to begin service on the illegal sentence imposed under No. 82D02-0307-FC-00613." As explained further below, the Court will dismiss the petitioner's claims without prejudice for failure to exhaust and will deny the petitioner's motion for temporary restraining order.

---

[1] The Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, is a compact among 48 States, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. *Reed v. Farley*, 512 U.S. 339, 341-42 (1994). Both Kentucky and Indiana are parties to the IAD.

## I. BACKGROUND

On July 20, 2003, the petitioner was arrested in Vanderburgh County, Indiana, for robbery. Thereafter, a detainer was lodged against the petitioner by the Commonwealth of Kentucky pursuant to a warrant for a parole violation. The petitioner then invoked his right to a fast and speedy trial on the Indiana charges under the IAD. However, the petitioner was not brought to trial in Indiana within the 180 day requirement under the IAD. Instead, on January 7, 2004, the petitioner was turned over to Kentucky authorities pursuant to the parole detainer and was transferred to the Jefferson County Jail in Louisville, Kentucky. After arriving in Jefferson County, he was also arraigned on new felony charges.

After a hearing on the parole violation, the petitioner received a "serve-out" on the remainder of his prior Kentucky sentence. In March of 2004, with the new felony charges still pending in Jefferson Circuit Court, the petitioner was transferred to Northpoint Training Center in Burgin, Kentucky, to begin serving out the remainder of his prior Kentucky sentence as a result of the parole revocation. Then, "on September 13, 2004, to the petitioner's surprise and shock, [Kentucky] prison officials turned the petitioner back over to Indiana deputies who transferred him back to the State of Indiana to stand trial for the robbery charge Indiana still had pending against the petitioner." He remained in Indiana for approximately ten months before he was convicted by a jury on the robbery charge and was also convicted for being "a habitual offender." He received a maximum sentence of twenty years to be served in the Indiana Department of Corrections.

On July 13, 2005, Indiana officials transferred the petitioner back Kentucky to serve out the rest of his Kentucky sentence and apparently also to be tried on the pending Jefferson Circuit

Court charges. He is currently incarcerated at the Kentucky State Penitentiary in Eddyville, Kentucky. He is scheduled to be tried in Jefferson Circuit Court on the pending charges on November 13, 2006.

The petitioner asserts that the above-described "procedure initiated by the respondents to transfer him back and forth between the two jurisdictions of Kentucky and Indiana on September 13, 2004, and July 13, 2005" violated the IAD. He claims that as a result of this "illegal" transfer procedure "he is being subjected to current and ongoing illegal imprisonment in Kentucky, and suffering from the future threat of being illegally prosecuted in the Jefferson Circuit Court [] on charges that should be dismissed with prejudice, and also suffering from the threat of being forced to return in the future to Indiana to begin service on the illegal sentence there imposed."[2]

## II. ANALYSIS

The petitioner is attempting to make two separate challenges both predicated on IAD violations by way of a single habeas petition: (1) he seeks to challenge the Jefferson Circuit

---

[2]The petitioner does not appear to be challenging the January 7, 2004, transfer from Indiana to Kentucky on the detainer for his parole violation in Kentucky and rightly so. *See White v. United States*, No. 96-1298, 1997 U.S. App. LEXIS 8878 (6th Cir. Apr. 24, 1997) ("White was not protected by the IAD because the IAD did not apply to the parole violation charges.") (citing *Carchman v. Nash*, 473 U.S. 716, 724-25 (1985)). To the extent that the petitioner is seeking to challenge his current confinement under the IAD as related to the revocation of his parole this claim is without merit. *Id.; United States v. Fulford*, 825 F.2d 3, 12 (3d Cir. 1987) ("Applying the Supreme Court's reasoning that Article III [of the IAD] does not apply to probation violators, we similarly conclude that Article IV [of the IAD] is not pertinent. Consequently, the IAD is not applicable to the extent that Pennsylvania acquired custody from Texas for the purpose of resolving the petitioner's probation violations.")

Court's authority to try him on November 13, 2006, on the pending felony charges; and (2) he contests the validity of the Indiana state court judgment already entered against him.

Since the petitioner has not yet been tried or convicted in the Jefferson Circuit Court, the petitioner is correct to attempt to assert the first challenge pursuant to § 2241. *See Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973) (recognizing that the petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing the respondent to afford him an immediate trial); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (pretrial petitions are properly brought under § 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (same).

The petitioner has already been tried, convicted, and sentenced to a maximum of twenty years in Indiana. Thus, the petitioner's challenges as related to the Indiana conviction are more properly brought under 28 U.S.C. § 2254.[3] Moreover, because the petitioner is challenging his future custody in Indiana, he should have named the Indiana Attorney General as a defendant. *See* Rule 2(b) of the Rules Governing Section 2254 Cases ("If the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested,

---

[3]Under § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution or laws or treaties of the United States.*" *Id.* (emphasis added). Thus, at first blush it might appear as if the petitioner cannot pursue relief under § 2254 as related to the Indiana conviction because he is not yet being held by Indiana in violation of the laws of the United States. The Supreme Court, however, has recognized that a prisoner in custody under one sentence may attack a sentence which he has not yet begun to serve. *See Peyton v. Rowe*, 391 U.S. 54 (1968). Furthermore, Rule 1(a)(2) of the Rules Governing Section 2254 Cases provides that those rules apply to a habeas corpus application "by a person in custody under a state-court judgment . . . who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States."

4

the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."). The petitioner erroneously named Vanderburgh Superior Court Judge Scott Browers and Vanderburgh prosecutor Stanley Levco as respondents, but failed to name the proper respondent, Indiana Attorney General Steve Carter.

The Court also notes that the petitioner should have brought his challenges by separate petitions. *See* Rule 2(e) of the Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgments or judgments of each court."). While this defect could in and of itself support dismissal, B*ianchi v. Blodgett*, 925 F.2d 305 (9th Cir. 1991), the Court will not dismiss the petition solely on this basis as there are far more substantial defects that would require dismissal of both claims even if the petitioner had filed them separately.[4]

## A. § 2241 challenge to the pending Kentucky charges

The petitioner is currently scheduled to be tried in Jefferson Circuit Court in the matter of the *Commonwealth v. Smith*, No. 04-CR-000107, on November 13, 2006, before Hon. Lisabeth Abramson. A review of the docket sheet in that matter reveals that the petitioner is represented by public defender Clarence Hixson in the Jefferson Circuit Court action. By way of this § 2241

---

[4]The Court is mindful that the petitioner is not technically challenging a judgment of the Kentucky courts because no judgment has yet been entered on the pending Jefferson Circuit Court charges. Rather, under § 2241 the petitioner is attempting to challenge Kentucky's jurisdiction to hold and try him those charges. Thus, one might argue that Rule(2)(e) does not apply. However, a court may apply any or all of the Rules governing section 2254 cases to other habeas corpus petitions. *See* Rule 1(b) of the Rules governing section 2254 cases. The Court can see no justification for requiring petitioners to bring separate § 2254 petitions where different judgments are challenged, but allowing petitioners to file petitions raising both § 2241 and § 2254 claims. Therefore, under Rule 2(e) the petitioner should have presented his two distinct claims in separate petitions.

5

action, the petitioner is asking this Court to order the Jefferson Circuit Court charges dismissed with prejudice and his November 13, 2006, trial cancelled indefinitely. The petitioner asserts that such an order is necessary because on September 13, 2004, he was transferred back to Indiana without being tried on the charges that were pending in Jefferson County in violation of Article IV(e) of the IAD.[5]

>Kentucky's version of the IAD is codified at KRS 440.450. Article IV(5) provides:

>>If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(5) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

>As a preliminary matter, the Court notes that the Sixth Circuit has held that except in the most extraordinary of circumstances, violations of the IAD are not cognizable under § 2241:

>>[T]his Circuit has held that alleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceedings. *Metheny v. Hamby*, 835 F.2d 672 (6th Cir. 1987); *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980). In *Metheny*, this Court held that unless the violation of the Interstate Agreement on Detainers involved "a fundamental defect which inherently results in a complete miscarriage of justice" that no habeas relief was available. *Metheny*, 835 F.2d at 673. . . . While the holdings in *Mars* and *Metheny* apply to cases involving § 2254 and § 2255, the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers.

*Curtis v. United States*, 123 Fed. Appx. 179, 184-85 (6th Cir. 2005).

>Based on the facts alleged, the Court is doubtful that the petitioner can show that any violation of the IAD in his case has resulted "in a complete miscarriage of justice." The Court

---

[5]The article sections are actually number, not lettered, in Kentucky's version of the Act. Accordingly, the Court presumes the petitioner means Article IV(5).

6

need not make such a determination, however, because the petitioner has utterly failed to demonstrate that he has exhausted his available state remedies prior to filing this action.

While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court has nevertheless held that they must do so before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden*, 410 U.S. at 489; *see also Collins v. Million*, 121 Fed. Appx. 628 (6th Cir. 2005) (recognizing that the exhaustion requirement is required for petitions filed under 28 U.S.C. § 2241). Thus, while federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins,* 644 F.2d at 545.

What a petitioner must do to exhaust his remedies depends upon the nature of the claims asserted in the habeas petition and the type of relief he seeks. *Dickerson,* 816 F.2d at 226. Where the claims, if successful, would be dispositive of the pending state criminal charge, exhaustion is complete only when the defendant presents the issue at the state criminal trial. *Id.* Absent special circumstances, habeas review of *dispositive* claims is not available prior to the criminal trial. *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 214, 253 (1886)) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"); *Atkins*, 644 F.2d at 547 ("An attempt to dismiss an indictment or otherwise prevent a prosecution protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus.").

7

In this case, the petitioner is arguing that the charges against him should be dismissed with prejudice prior to trial because his transfer violated Section IV(5) of the IAD. Kentucky case law indicates that the proper manner for a defendant to assert his rights under the IAD is a motion to dismiss made before the trial court, which, if denied, can be appealed in the state courts. *See Roberson v. Commonwealth*, 913 S.W.2d 310, 315 (Ky. 1994). Here, it does not appear as if either the petitioner or his counsel have raised the IAD issue before the trial court, and they certainly have not pursued appellate relief as related to that issue as the petitioner has not yet been tried or convicted on the charges. Instead, it appears that the petitioner's § 2241 petition in this Court is the first time he has attempted to raised the IAD issue to any court in relation to the pending charges in Jefferson Circuit Court.

Before this Court can consider the petitioner's situation, he must present his issue to the Kentucky courts. Only after the petitioner has fully exhausted his claims in the state courts may this Court even attempt to consider whether the any violation of the IAD in the petitioner's case has resulted in the "complete miscarriage of justice." Because the petitioner has not exhausted his state court remedies with respect to this claim, the court will dismiss it without prejudice.

**B.    § 2254 challenge to Indiana conviction**

As indicated above, the Sixth Circuit has held that § 2254 relief is generally not available to challenge an IAD violation. *Metheny*, 835 F.2d at 673-74. In *Metheny*, the petitioner inmate filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argued that Tennessee violated the trial-before-return provision of Article IV(e) of the IAD (the same provision relied on by the petitioner in this case) by returning him to federal custody from state custody without proceeding to trial on the state charges. The district court denied the petition for writ of habeas corpus. The Sixth Circuit affirmed holding, "we join the clear majority of the

8

circuits in holding that, in the absence of exceptional circumstances, a claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254."[6] *Id.* at 375.

Again, the Court is doubtful that the petitioner could demonstrate the existence of any "exceptional circumstances." However, the Court need not reach this determination because the petitioner has failed to demonstrate that he exhausted this claim in the Indiana state courts prior to filing the instant petition.

Section 2254 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the court of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.*

Exhaustion under § 2254 requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full" round of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, the petitioner failed to allege that he presented the IAD defense to the Indiana courts. Further, he has not shown the inadequacy or unavailability of the state's

---

[6]Notably, the Seventh Circuit (which is over the federal district courts of Indiana) has reached a contrary conclusion allowing IAD violations to be pursued under § 2254. *See Webb v. Keohane*, 804 F.2d 413 (7th Cir. 1986) (holding that because rights contained in the IAD are federal statutory rights, a denial of those rights is a violation of federal law cognizable in a federal habeas petition.)

9

remedies. Because the petitioner has not shown that he exhausted his state remedies, the petition for writ of habeas corpus will, therefore, be dismissed without prejudice.

Because this dismissal is without prejudice, the petitioner may file another § 2254 petition demonstrating exhaustion of available state remedies. Should the petitioner decide to do so, he is reminded that he is not required to file a petition challenging his future confinement in Indiana in the district of his current confinement (presently the Western District of Kentucky). *See Braden* 410 U.S. at 498-500. Rather, under *Braden*, the most desirable location for such a petition is the district where the judgment was entered, in this case the Southern District of Indiana, Evansville division. The location where the judgment is entered is generally considered more convenient because it is where all of the records and witnesses are located and is more familiar with the procedural and substantive state laws at issue. *Id.* This, of course, is not to say that the petitioner was wrong to attempt to file his action in this court. Because the petitioner is currently confined within the Western District of Kentucky, this Court and the Southern District of Indiana have concurrent jurisdiction. *See Braden* 410 U.S. at 499 n.15 ("Nothing in this opinion should be taken to preclude the exercise of concurrent habeas corpus jurisdiction over the petitioner's claim by a federal district court in the district of confinement."). However, the forum where the judgment was entered, the Southern District of Indiana, is clearly the most desirable and convenient forum to litigate those claims.[7] *Id.*

---

[7]As in this case, "where a prisoner brings an action in the district of confinement attacking a [judgment of another state], the court can of course, transfer the suit to a more convenient forum." *Id.* "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Because there are so many procedural deficiencies with respect to this claim (failure to properly allege exhaustion, failure to name the correct respondent, and improper joinder with the § 2241 claim), the Court has elected to dismiss the instant action rather than to transfer it to the Southern District of Indiana.

### III. MOTION FOR PRELIMINARY INJUNCTION

Because the Court has determined that the petitioner's underlying claims must be dismissed, it logically follows that the petitioner is not entitled to preliminary injunctive relief. Accordingly, the Court will deny his motion for a preliminary injunction.

### IV. CERTIFICATE OF APPEALABILITY

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), the petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision as related to the dismissal of his § 2241 claim.

However, the same is not true of his § 2254 claim related to his Indiana conviction. Before the petitioner may appeal this court's decision as related to his § 2254 claim, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurists of reason could find its procedural ruling

11

to be debatable.  Thus, no certificate of appealability is warranted in this case as related to the petitioner's § 2254 claim.

The court will enter an order which is consistent with this memorandum opinion.

Date:

cc:      Petitioner, *pro se*
           Respondents
           Attorney General, Commonwealth of Kentucky
           Attorney General, State of Indiana

4413.008